Battle, J\
 

 This is the case of a special injunction, and it is admitted that, upon a motion to dissolve, the plaintiff would be at liberty to read affidavits in support of the allegations of his bill, if such allegations were sufficient to entitle him to relief; but the defendant contends that such is not the case, and that the injunction ought to be dissolved, and the sequestration discharged, because of their having been improvidently granted.
 

 It is unquestionably true that a court of equity will not enjoin a tenant for life of slaves, from removing them, or compel him to give security for their forth-coming, unless good cause be shown that they are in danger of being carried beyond the jurisdiction of the Court;
 
 Clagon
 
 v.
 
 Veasey, 7
 
 Ire. Eq. Rep. 113. The mere fears and apprehensions of the remainder-man will not entitle him to an injunction, unless he can allege such facts and circumstances as will show that his fears and apprehensions are well founded;
 
 Lehmaa
 
 v.
 
 Lo
 
 gan, Ibid, 296. The only enquiry, then, is whether the present bill contains a statement of facts sufficient to lay a foundation for the relief sought. It alleges that the defendant
 
 “
 
 was about to sell his perishable property,” and that the plaintiff was informed, and believed, that the defendant was about to leave the State, and then avers his belief that, if the defendant did leave the State, he would carry off the slaves with him. The fact that the defendant was about to sell his perishable property, and the rumor that he was about to leave the State, were, we think, calculated to excite the plaintiff’s fears that
 
 *356
 
 he would cany off the slaves, and required explanation. The answer denies distinctly and positively that the defendant intended to leave the State, or that he had any design to remove the slaves beyond the jurisdiction of the Court, but it is altogether silent in respect to the charge that he was about to sell his perishable property. This silence is, to say the least of it, suspicious, and makes the answer obnoxious to the imputation of being evasive.
 

 In this state of the'pleadings, we think the plaintiff had the right to read affidavits in support of the allegations of his bill, and to insist upon them in opposition to the motion to dissolve his injunction and sequestration, and that, consequently, his Honor erred in refusing to hear them;
 
 Lloyd
 
 v. Heath, Busb. Eq. 39;
 
 McDaniel
 
 v. Stoker, 5 Ire. Eq. Rep. 274;
 
 Griffin
 
 v. Carter, Ibid, 413. It is true that, in these cases, the bill only was read as an affidavit in opposition to the answer, but, in
 
 Lloyd
 
 v. Heath, the following passage from Drewry on Injunctions, 429, is quoted with approbation, and fully sustains our decision in this case : “And it may be stated to be at the present day the well-settled practice to permit affidavits to be read in opposition to the answer at certain stages of the proceedings in cases of
 
 toaste, and injuries in the nature of waste',
 
 for the mischief is irreparable; the timber, if cut, cannot be set up again; in other words, the mischief, if permitted, cannot be retrieved.” The order, from which the appeal was taken, must be reversed, and this opinion certified to the Court below.
 

 Per CuexaM, Decree accordingly.